# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL J. HICKS,

                Plaintiff,      Case No. 2:08-cv-01713-PMP-GWF

vs.                                  **ORDER**

LINDA NEAL, *et al.*,

                Defendants.

Plaintiff is a state prisoner without counsel seeking relief for alleged civil rights violations. *See* 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis* (#6). This proceeding was referred to this Court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff must pay the $350 filing fee. *See* 28 U.S.C. § 1914(a). An initial partial payment is assessed pursuant to Section 1915(b)(1). After viewing Plaintiff's financial affidavit, Plaintiff's current account balance is $8.96. Plaintiff's average six month balance is $0.00, and Plaintiff's average monthly deposits are $0.00. Plaintiff is not required to make an initial partial payment at this time. However, Plaintiff must make monthly payments of twenty percent (20%) of the preceding month's income credited to his trust account. 28 U.S.C. § 1915(b)(2). The agency having custody of Plaintiff shall forward payments from Plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fee is paid.

This Court must examine the complaint in "a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of it, if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  What is more, the Court cannot require defendants to reply to such complaints without first determining that the plaintiff has a reasonable possibility of prevailing on the merits of his claims.  42 U.S.C. § 1997e(g).

## BACKGROUND

In his Complaint (#1), Plaintiff alleges he arrived at the Salinas Valley Psychiatric Program on May 23, 2007, and was placed on "new arrival" status until he met with the Institution Classification Committee ("ICC").  On June 7, 2007, Plaintiff alleges that the ICC informed Plaintiff that he would be placed on Confinement to Quarters status for two (2) to three (3) months, where he was restricted to exiting his cell in restraints and with an escort.  Plaintiff alleges he filed numerous appeals which were subsequently denied.  Plaintiff alleges that Defendants refused to allow Plaintiff to exit his cell without restraints and without escorts.  Plaintiff also alleges that he was neither allowed to exercise outside of his cell nor allowed to shave.  As a result of Defendants' actions, Plaintiff alleges that he suffered from mental and emotional injuries that included headaches, constipation, lethargy, depression, leg pain, stomach cramps, atrophy, restricted blood circulation, and high blood pressure.  In Count I, Plaintiff alleges that Defendants deprived him of his right to due process under the Fourteenth Amendment and his right to be free from cruel and unusual punishment under the Eighth Amendment by refusing to allow him to exercise outside his cell.  In Count II, Plaintiff alleges that Defendants deprived him of his liberty interest rights under the due process clause of the Fourteenth Amendment by not allowing him to use a battery powered shaver.

## DISCUSSION

**I.     Screening the Complaint**

In reviewing the complaint to determine if it states a claim for relief, the court will construe plaintiff's pleading liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  The court will not dismiss a complaint without first identifying the deficiencies and giving plaintiff an opportunity to cure them.  *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987).  But before the undertaking to determine whether the complaint may have merit, the court may insist upon compliance with its rules.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel); *see also*

*Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (encouraging "firm application" of federal rules in prisoner cases).

## II.     Eighth Amendment

"The unnecessary and wanton infliction of pain upon incarcerated individuals under color of law constitutes a violation of the Eighth Amendment ..." *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (citation, alteration and internal quotation marks omitted)).  A violation of the Eighth Amendment occurs when prison officials are deliberately indifferent to a prisoner's needs.  *Toguchi* at 1057.

Under the Eighth Amendment, a prisoner "must satisfy both the objective and subjective components of a two-part test." *Hallet v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002).  First, there must be a demonstration that the prison official deprived the prisoner of the "minimal civilized measure of life's necessities."  *Id.*  (citation omitted).  Second, a prisoner must demonstrate that the prison official "acted with deliberate indifference in doing so."  *Id.*  (citation and internal quotation marks omitted)

"Prison officials must provide all prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety." *Hoptowit v. Ray*, 682 F.2d 1237, 1258 (9th Cir. 1982).  To deprive prisoners in isolation, segregation, or protective custody of any of these violates the Eighth Amendment if prison officials act with deliberate indifference.  *Id.*  Exercise has been determined to be one of the basic human necessities protected by the Eighth Amendment, and a long-term deprivation of outdoor exercise for inmates is unconstitutional.  *See LeMaire v. Maass*, 12 F.3d 1444, 1457-58 (9th Cir. 1993).  *See also Spain v. Procunier*. 600 F2d 189, 199 (9th Cir. 1979) ("There is substantial agreement among the cases in this area that some form of regular outdoor exercise is extremely important to the psychological and physical well being of the inmates.").  However, in *LeMaire*, 12 F.3d at 1458, the Ninth Circuit held that an inmate's denial of outdoor exercise for a forty-five (45) day period due to disciplinary infractions was constitutional.  The plaintiff in *LeMaire* abused outdoor exercise privileges and represented a grave security risk when he was outside his cell.  *Id.*; *see also Toussaint v. Yockey*, 772 F.2d 1490, 1493 (9th Cir. 1984) (holding that the district court did not err in concluding that the denial of outdoor exercise to inmates assigned to administrative segregation for over one (1) year raised "substantial constitutional question").

1  Given the facts that Plaintiff was confined at the Salinas Valley Psychiatric Program and was on
2  Confinement to Quarters status, Plaintiff's allegation that Defendants refused to allow Plaintiff out-of-
3  cell exercise for over ninety-nine (99) days does not rise to the level of a constitutional deprivation. *See*
4  *Lemaire*, 12 F.3d at 1458; *Spain*, 600 F.2d 189 at 200.  Plaintiff also fails to allege in his Complaint
5  (#1) that Defendants acted with deliberate indifference in denying Plaintiff out-of-cell exercise.
6  Additionally, Plaintiff's allegations that Defendants refused to allow Plaintiff to use a battery operated
7  shaver for over ninety-nine (99) days fails to amount to a deprivation of one of life's basic necessities.

8  After viewing Plaintiff's Complaint (#1), the Court finds that Plaintiff's claims against
9  Defendants do not allege that a federal constitutional right was violated by a government official when
10 Plaintiff was not allowed to exercise outside his cell and not allowed to use a battery powered shaver.
11 Because Plaintiff has not alleged that his constitutional rights were violated by a person acting under the
12 color of law, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted
13 under § 1983, and the complaint will be dismissed with leave to amend pursuant to 28 U.S.C.
14 1915(e)(2); *Franklin v. Murphy*, 745 F.2d 1226-1228 (9th Cir. 1984).

15 The screening of Plaintiff's Complaint (#1) has been completed pursuant to 28 U.S.C. §1915A.
16 Accordingly,

17 **IT IS HEREBY ORDERED** that Plaintiff's request to proceed *in forma pauperis* (#6) is
18 granted.

19 **IT IS FURTHER ORDERED** that all payments shall be collected in accordance with the
20 notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently
21 herewith.

22 **IT IS FURTHER ORDERED** that Plaintiff's Complaint (#1) is **dismissed** for failure to state a
23 claim upon which relief can be granted, with leave to amend.  Plaintiff will have **thirty (30) days** from
24 the date that this Order is entered to file his Amended Complaint, if he believes he can correct the noted
25 deficiencies.  Additionally, given the circumstances of his confinement, Plaintiff will be required to
26 state in more detail how a deprivation of outdoor exercise and the use of a battery operated shaver by
27 . . .
28 . . .

Defendants supports his Eighth Amendment claim. Failure to comply with this Order will result in a recommendation that this action be dismissed with prejudice.

DATED this 10th day of February, 2009.

GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE