# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL J. HICKS,

        Plaintiff,

vs.

LINDA NEAL, *et al*.,

        Defendants.

Case No. 2:08-cv-01713-PMP-GWF

**ORDER AND FINDINGS AND RECOMMENDATIONS**

Plaintiff's Motion for Reconsideration (Dkt. #11)

This matter is before the Court on Plaintiff's Motion for Reconsideration (Dkt. #11), filed on March 13, 2009.

**DISCUSSION**

While the Federal Rules of Civil Procedure do not explicitly recognize a motion to reconsider, this Court has the inherent power to revise, correct and alter interlocutory orders at any time prior to entry of a final judgment. *See Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006); *Sch. Dist. No. 5 v. Lundgren*, 259 F.2d 101, 105 (9th Cir. 1958). This authority is governed by the doctrine that a court will generally not reexamine an issue previously decided by the same or higher court in the same case. *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 766 (9th Cir. 2001); *United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998). However, a court may have discretion to depart from a prior court ruling when (1) the first decision was clearly erroneous, (2) there has been an intervening change of law, (3) the evidence on remand is substantially different, (4) other changed circumstances exist, or (5) a manifest injustice would otherwise result. *Cuddy*, 147 F.3d at 1114.

In this instance, the Court finds that its prior decision to dismiss Plaintiff's Complaint without prejudice was not clearly erroneous and there has been no change in circumstance, law or evidence to

justify the Court's departure from its prior ruling. As a result, the Court finds Plaintiff has not demonstrated that the Court's prior ruling should be reheard or reconsidered and Plaintiff's motion for reconsideration will be denied.

In addition, it appears Plaintiff is now claiming that this Court lacks jurisdiction to hear this matter as Plaintiff states he has filed the same case in the Northern District of California under Case No. 3:08-cv-01693-SI. (Dkt. #11 at 2). Plaintiff informs the Court that his case in the Northern District (Case No. 3:08-cv-01693-SI) is currently on appeal before the Ninth Circuit Court of Appeals after being dismissed for failure to exhaust administrative remedies. It thus appears that Plaintiff is pursuing duplicative lawsuits in different districts. Therefore, this Court will recommend that Plaintiff's Complaint be dismissed with prejudice. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (Dkt. #11) is **DENIED.**

## RECOMMENDATION

The Court recommends that Plaintiff's Complaint (Dkt. #1) should be dismissed with prejudice. Plaintiff has previously filed the same case, based on the same factual allegations, in the Northern District of California. As a result, this Court no longer has jurisdiction over Plaintiff's civil rights Complaint. Accordingly,

**IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint (Dkt. #1) should be **DISMISSED with prejudice**.

## NOTICE

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within twenty (20) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157

(9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 29th day of April, 2009.

_____
**GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE**